UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alexander von Brandenfels, | Civil No.: 0:26-cv-1560-DWF/DTS |
| Plaintiff, | |
| v. | **DEFENDANT GENZ-RYAN PLUMBING AND HEATING CO.'S ANSWER** |
| Genz-Ryan Plumbing and Heating Co., | |
| Defendant. | |

Defendant Genz-Ryan Plumbing and Heating Co. ("Defendant" or "Genz-Ryan") as and for its answer to Plaintiff Alexander von Brandenfels's ("Plaintiff" or "von Brandenfels") Complaint, states and alleges as follows:

1. Genz-Ryan denies each and every allegation, matter, statement, and thing contained in said Complaint, except as hereinafter admitted, qualified, or otherwise stated.

2. Genz-Ryan is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

3. Paragraph 2 of the Complaint contains only legal conclusions, to which no response is required. To the extent that a response is required, Genz-Ryan denies the same.

4. Genz-Ryan admits the allegation contained in Paragraph 3 of the Complaint.

5. Genz-Ryan is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint, and therefore denies the same.

6. Genz-Ryan admits the allegation contained in Paragraph 5 of the Complaint.

1

7. In response to Paragraphs 6 and 7 of the Complaint, Genz-Ryan states that the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, speaks for itself. Genz-Ryan denies any allegations in Paragraphs 6 and 7 that are inconsistent with that statute.

8. In response to Paragraph 8 of the Complaint, Genz-Ryan states that said paragraph purports to describe a website, namely www.donotcall.gov, the content of which speaks for itself. To the extent the allegations in Paragraph 8 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies same.

9. In response to Paragraph 9 of the Complaint, Genz-Ryan states that 47 C.F.R. § 64.1200, speaks for itself. Genz-Ryan denies any allegations in Paragraph 9 that are inconsistent with that regulation.

10. In response to Paragraph 10 of the Complaint, Genz-Ryan states that 47 C.F.R. § 64.1200(c)(2), speaks for itself. Genz-Ryan denies any allegations in Paragraph 10 that are inconsistent with that regulation.

11. In response to Paragraph 11 of the Complaint, Genz-Ryan states that 47 C.F.R. § 64.1200(e), speaks for itself. Genz-Ryan denies any allegations in Paragraph 11 that are inconsistent with that regulation.

12. In response to Paragraph 12 of the Complaint, Genz-Ryan states that the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.*, speaks for itself. Genz-Ryan denies any allegations in Paragraph 12 that are inconsistent with that statute.

13. In response to Paragraph 13 of the Complaint, Genz-Ryan states that 68 Fed. Reg. 44144 (July 25, 2003) (cited by Plaintiff as 18 FCC Rcd 14014) speaks for itself. Genz-Ryan denies any allegations in Paragraph 13 that are inconsistent with that publication.

14. In response to Paragraphs 14 and 15 of the Complaint, Genz-Ryan states that the April 26 Message speaks for itself. To the extent that the allegations in Paragraphs 14 and 15 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

15. In response to Paragraph 16 of the Complaint, Genz-Ryan states that Plaintiff's response to the April 26 Message speaks for itself. To the extent the allegations in Paragraph 16 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

16. In response to Paragraphs 17-19 of the Complaint, Genz-Ryan states that the March 3 Messages speak for themselves. To the extent that the allegations in Paragraphs 17-19 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

17. Genz-Ryan denies the allegations contained in Paragraph 20 of the Complaint.

18. In response to Paragraph 21 of the Complaint, Genz-Ryan states that the January 12 Message speaks for itself. To the extent that the allegations in Paragraph 21 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

19. Genz-Ryan denies the allegations contained in Paragraph 22 of the Complaint.

20. In response to Paragraph 23 of the Complaint, Genz-Ryan states that the Messages speak for themselves. To the extent that the allegations in Paragraph 23 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

21. In response to Paragraph 24 of the Complaint, Genz-Ryan admits only that Plaintiff had Genz-Ryan send a technician to Plaintiff's property in 2023 to provide a quote for air conditioner installation. Genz-Ryan denies the remaining allegations in Paragraph 24.

22. Genz-Ryan denies the allegations contained in Paragraph 25 of the Complaint.

23. Genz-Ryan is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 26 of the Complaint and therefore denies same.

24. Genz-Ryan denies the allegations contained in Paragraphs 27-29 of the Complaint.

25. Genz-Ryan is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 30-33 of the Complaint and therefore denies the same.

26. Genz-Ryan denies the allegations contained in Paragraph 34-36 of the Complaint.

27. In response to Paragraph 37 of the Complaint, Genz-Ryan admits only that it uses a customer relationship management system (or "CRM") that contains some information about certain customers and prospective customers. To the extent that the allegations in Paragraph 37 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

28. Genz-Ryan denies the allegations contained in Paragraph 38-42 of the Complaint.

29. In response to Paragraphs 43 and 44 of the Complaint, Genz-Ryan states that Plaintiff's email correspondence with attorney Meshbesher speaks for itself. To the extent the allegations in Paragraph 43 and 44 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

30. Genz-Ryan denies the allegations contained in Paragraph 45 of the Complaint.

31. In response to Paragraphs 46 and 47 of the Complaint, Genz-Ryan states that Plaintiff's email correspondence with attorney Meshbesher speaks for itself. To the extent that the allegations in Paragraphs 46 and 47 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

32. Genz-Ryan denies the allegations contained in Paragraph 48 of the Complaint.

33. In response to Paragraph 49 of the Complaint, Genz-Ryan states that Plaintiff's email correspondence with attorney Meshbesher speaks for itself. To the extent that the allegations in Paragraph 49 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

34. Genz-Ryan denies the allegations in Paragraph 50 of the Complaint.

35. In response to Paragraphs 51-53 of the Complaint, Genz-Ryan states that the Privacy Policy speaks for itself. To the extent the allegations in Paragraphs 51-53 are inconsistent with, contrary to, or not addressed herein, Genz-Ryan denies the same.

36. Genz-Ryan denies the allegations contained in Paragraph 54-61 of the Complaint.

37. In response to Paragraph 62 of the Complaint, Genz-Ryan incorporates by reference the preceding paragraphs.

38. Genz-Ryan denies the allegations contained in Paragraphs 63-66 of the Complaint.

39. In response to Paragraphs 67-70 of the Complaint, Genz-Ryan denies that Plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

40. Plaintiff's Complaint fails to state a claim on which relief can be granted.

41. Plaintiff has failed to properly serve Genz-Ryan with process in this matter.

42. Plaintiff's claims are barred because Genz-Ryan has established and implemented, with due care, reasonable practices and procedures pursuant to 47 U.S.C. § 227(c)(5).

43. Plaintiff's claims may be barred by an established business relationship.

44. Plaintiff's claims may be barred by consent.

45. Plaintiff's claims may be barred by ratification.

46. Plaintiff's claims may be barred by estoppel.

47. Plaintiff's claims may be barred by laches.

48. Plaintiff's claims may be barred by license.

49. Plaintiff's claims may be barred by waiver.

50. Plaintiff's claims may be barred by unclean hands.

51. Plaintiff's claims may be barred by fraud.

52. Plaintiff's claims may be barred by Plaintiff's failure to mitigate damages, if any.

53. Plaintiff's claims may be barred by reason that if Plaintiff has suffered any damage or loss, it was a result of Plaintiff's own actions, fault, lack of due diligence or action, or fault of others over whom Genz-Ryan had no control.

54. Genz-Ryan reserves the right to assert additional defenses.

**WHEREFORE**, Genz-Ryan, having fully replied to Plaintiff's Complaint, respectfully requests that this Court enter judgment as follows:

1. Dismissing Plaintiff's claims against Genz-Ryan on their merits and with prejudice;

2. Awarding Genz-Ryan its costs, disbursements, and reasonable attorney's fees; and

3. Granting such other and further relief as this Court deems just and equitable.

**DEFENDANT DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated: March 11, 2026

Respectfully Submitted,

**DROEL, PLLC**

<u>/s/ Evan H. Weiner</u>
Evan H. Weiner (MN Bar #389176)
Samuel A. Meshbesher (MN Bar # 0403675)
30 South 9th Street, 7th Floor
Minneapolis, MN 55402
P: (952) 835-1614
eweiner@droellaw.com
smeshbesher@droellaw.com

**ATTORNEYS FOR DEFENDANT GENZ-RYAN PLUMBING AND HEATING CO.**